IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD DIAB,

    Plaintiff,

  v.                                                 No. CIV 14-0764 LH/LAM

ALBUQUERQUE POLICE DEPT.,
DETECTIVE DARCY MCDERMITT,
JOHN DOE DETECTIVE,
OFFICE OF THE DISTRICT ATTORNEY,
A.D.A. SUE CALLOWAY,
A.D.A. DAVID WAYMIRE,
D.N.A. EXPERT FOR POLICE
(JANE DOE; POSS. D. MONOGUE),
CSI EXPERT FOR POLICE
(JOHN DOE; POSS P. J. HAUGH),
CITIY OF ALBUQUERQUE,
BERNALILLO COUNTY,
APD OFFICER M. SHOOK,
OFFICER JOHN BAKER,
OFFICER JOHN DOE,
SGT. C. LOWE,
APD OFFICER P.M. AUSER,
BETHENY GUTIERREZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended/supplemental civil rights complaints (Docs. 1, 3, 11, 12, 15) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his original complaint, Plaintiff alleges that, while he was on probation in 2010, he became a suspect in an Albuquerque Police Department (APD) murder investigation. Plaintiff reported that he had seen the murder, and he gave police a description of the murderer, although he did not know the person's name. The police did not accept Plaintiff's account of events. In support of their application for an arrest warrant, they reported that Plaintiff's DNA was found under the victim's fingernails. Plaintiff's probation officer commenced revocation proceedings, and he was returned to prison for 3½ years while awaiting trial on the murder charge.

Before trial, Plaintiff learned the murderer's name and reported the information to police and his attorney. Pursuant to a state court order, the prosecution or police investigated and confirmed the identity of the other person. It was also determined that this person had been to the mental health unit of University of New Mexico Hospital on the day before and the day after the murder, reporting during each visit that "he was hearing voices and they were telling him to hurt someone." The police kept this information for six months and only produced it on the first day of Plaintiff's criminal trial, after his attorney asked about the results of the investigation that had

been ordered.

At trial, the state's crime scene investigator stated that he had collected DNA samples at the crime scene but could not definitively determine what had happened. The DNA expert testified that, contrary to the police report, she had not scraped under the victim's fingernails. She had identified eight DNA profiles other than Plaintiff's that were found at the scene. The other samples were not run through a DNA index system ["CODIS"], because of funding restrictions and the prosecution's failure to request further comparisons. Plaintiff attributes these failures, at least in part, to "the process and method that the Albuquerque Police Department processed and quantified D.N.A. samples." (Doc. 12, p. 7.) Plaintiff was found not guilty of the murder charge. (Doc. 11, p. 1; Doc. 14.)

In a supplemental complaint (Doc. 3), Plaintiff alleges that on May 29, 2014, when he was being booked on different charges, Defendant APD Officer John Doe injured him by use of excessive force. The officer stomped on Plaintiff's foot, causing severe bruising and swelling. And in a subsequent amended complaint (Doc. 15), Plaintiff alleges that his probation officer, Defendant Betheny Gutierrez, conspired with the police by using pretextual grounds for revoking his probation. For relief, the original and supplemental complaints seek damages.

No relief is available on Plaintiff's claims against Defendant Albuquerque Police Dept. This municipal police department cannot be held separately liable in an action under § 1983 and thus is not a proper defendant. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (mem.); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official

capacities.") (citing *Brandon v. Holt,* 469 U.S. 464, 472 and n. 21 (1985)), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993). For purposes of this order, therefore, the Court construes this pro se Plaintiff's allegations of the Police Department's improper DNA procedures as directed at the City itself, *see Brandon v. Holt*, 469 U.S. at 472 and n. 21, and will dismiss Plaintiff's claims against Defendant Albuquerque Police Dept.

Nor is relief available against Defendants Bernalillo County and Office of the District Attorney. "[F]or § 1983 liability against [a] county, plaintiff must allege a constitutional violation by an employee and that municipal policy or custom was moving force." *Martinez v. Montrose Sheriff's Dep't*, 12 F. App'x 837, 838 (10th Cir. 2001) (citing *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998). Here, Plaintiff "has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom [of the County]." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002). And second, "[Plaintiff] has sued the state and its agency [Office of the District Attorney] pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.'" *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)); *and see Webb v. Harris*, No. CV 02-0707 JC/KBM, slip ord. (D.N.M. Mar. 25, 2003) (ruling that District Attorney's Office is agency of the State). The Court will dismiss Plaintiff's claims against Defendants Bernalillo County and Office of the District Attorney.

Defendants A.D.A. Sue Calloway and A.D.A. David Waymire have absolute prosecutorial immunity to Plaintiff's claims. As the Court of Appeals for the Tenth Circuit has stated,

> We have held that "[i]t is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions."  Moreover, "we and other courts have recognized that absolute immunity may attach even to . . . investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court."

*Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991).  The complaint alleges that these Defendants knew, but failed to disclose before trial, the identity of the alleged actual murderer or that he had been to a mental ward on the days before and after the murder.  Even assuming, for purposes of this order, that Plaintiff's allegations are true, these Defendants remain immune to his claims.  Particularly in view of the state court's order to investigate the alleged perpetrator, their actions were "activities 'intimately associated with the judicial . . . process.' " *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d at 1490 (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)).  Plaintiff does not allege conduct beyond the prosecutors' preparation for judicial proceedings, *see Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (determining absolute prosecutorial immunity based on distance of alleged conduct from judicial process), and the Court will dismiss his claims against Defendants A.D.A. Sue Calloway and A.D.A. David Waymire.

Plaintiff's allegations against Defendants D.N.A. Expert For Police (Jane Doe; Poss. D. Monogue) and CSI Expert For Police (John Doe; Poss P. J. Haugh) fail to support claims of malicious prosecution against them.  As noted above, these two Defendants simply reported the results of their investigation of evidence from the murder scene.  Defendant Jane Doe even contradicted the police report that was used to prosecute Plaintiff, although she admitted to an initial mistake which she later corrected in examining the DNA samples.  In order to state a § 1983 claim against a forensic expert, Plaintiff's allegations must indicate, in part, the expert's

malice in making his or her findings.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (noting elements of a claim).  Here, Plaintiff's allegations simply do not "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, against the forensic experts.  Furthermore, in the absence of wrongdoing by these City employees, Plaintiff's allegations of improper Police Department DNA procedures do not state a claim against the City. "If a person has suffered no constitutional injury at the hands of the individual . . . , the fact that the departmental regulations might have *authorized* the [individual's conduct] is quite beside the point."  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis in original).  The Court will dismiss Plaintiff's claims against these Defendants.

In his supplemental complaint (Doc. 3), Plaintiff alleges that during booking on May 29, 2014, an unidentified Albuquerque Police Officer stomped on his foot, causing severe bruising and swelling.  He names four additional officers, and, again, the City and County, but makes no allegations against them except that the individuals were present during his arrest.  The Court will dismiss Plaintiff's claims against the four additional Officers and the City and County.  Plaintiff will be allowed a reasonable time to identify this Doe Defendant Officer and the Doe Defendant Detective in the original complaint.  Service will be ordered on these Defendants as appropriate.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Albuquerque Police Dept., Office of the District Attorney, A.D.A. Sue Calloway, A.D.A. David Waymire, D.N.A. Expert For Police (Jane Doe; Poss. D. Monogue), CSI Expert For Police (John Doe; Poss P. J. Haugh), City of Albuquerque, Bernalillo County, APD Officer M. Shook, Officer John Baker, Sgt. C. Lowe, and APD Officer P.M. Auser are DISMISSED; Defendants Albuquerque Police Dept., Office of the District Attorney, A.D.A. Sue Calloway, A.D.A. David Waymire, D.N.A. Expert For Police (Jane Doe; Poss. D. Monogue), CSI Expert For Police (John Doe; Poss P. J.

Haugh), City of Albuquerque, Bernalillo County, APD Officer M. Shook, Officer John Baker, Sgt. C. Lowe, and APD Officer P.M. Auser are DISMISSED as parties to the action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 3, 11, 12, 15) and this Order, for Defendants Detective Darcy McDermitt and Probation and Parole Officer Betheny Gutierrez.

_____
SENIOR UNITED STATES DISTRICT JUDGE