IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD DIAB,**

    **Plaintiff,**

    **v.**                                              No. CIV 14-0764 LH/LAM

**DETECTIVE DARCY MCDERMITT,
BETHENY GUTIERREZ,**

    **Defendants.**

## ORDER DENYING MOTION TO SEPARATE [*Doc. 21*]

**THIS MATTER** is before the Court on Plaintiff's *Motion to Review and Separte [sic] This Case and Reopen* (*Doc. 21*), in which Plaintiff asserts that the claim in his amended/supplemental complaint [*Doc. 3*] arose from events that occurred after the events that gave rise to his original complaint. He argues that this claim should be severed and treated as an initiating pleading in a separate case. The motion invokes the discretion of the court under Fed. R. Civ. P. 21. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Plaintiff's arguments do not make a showing of "separability in law and logic" (*see Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 362 (2nd Cir. 1974)), or that denial of severance would prejudice Plaintiff (*see Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343, 350 (D. Kan. 1996)). Furthermore, judicial economy is better served by an integrated resolution of Plaintiff's claims. *See Old Colony Ventures I, Inc.*, 918 F. Supp. at 350. Under "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" (*Landis v. North American Co.*,

299 U.S. 248, 254 (1936)), the Court declines to sever Plaintiff's supplemental complaint. The motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Review and Separte [sic] This Case and Reopen (Doc. 21)* is **DENIED**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**