IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD DIAB,**

   **Plaintiff,**

   v.                                                                            No. CIV 14-0764 LH/LAM

**DETECTIVE DARCY MCDERMITT,**

   **Defendant.**

### ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [*Doc. 31*] AND ORDER FOR DEFENDANT TO REPLY TO PLAINTIFF'S COMPLAINT

**THIS MATTER** is before the Court on Plaintiff's *Motion for Def[a]ult Judgement (Doc. 31)*, filed June 23, 2015.  On May 14, 2015, the Court ordered personal service of the summons and complaint (Documents 1, 3, 11, 12 and 15) on Defendant McDermitt.  [*Doc. 26*].  On June 2, 2015, the summons was returned executed, indicating that Defendant McDermitt was served on June 1, 2015.  [*Doc. 29*].[1]  As of this date, Defendant McDermitt has not filed a responsive pleading or otherwise appeared in the present case and, therefore, Plaintiff moves for default judgment.  *See* [*Doc. 31*].

Plaintiff's civil rights complaint is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which provides, in relevant part, as follows:

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations

---

[1] The Court expresses no opinion on the sufficiency of service of process under Fed. R. Civ. P. 4.

> contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

Thus, "defendants can waive their right to reply to a prisoner complaint without the usual consequence of being deemed to have admitted the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Under the plain language of § 1997e(g)(1), "[n]o relief shall be granted to the plaintiff unless an answer has been filed." Therefore, Plaintiff's motion for default judgment will be denied.

Nonetheless, the Court may require Defendant McDermitt to file a reply to Plaintiff's civil rights complaint, "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2). The Court has already reviewed Plaintiff's complaint, determined that Plaintiff's claims could proceed against Defendant McDermitt, and ordered personal service of process. *See* [*Docs. 19* and *26*]. At this stage in the proceedings, the Court cannot say that Plaintiff has no reasonable opportunity to prevail on the merits. Therefore, in accordance with § 1997e(g)(2), the Court will direct Defendant McDermitt to file an answer or responsive pleading to the complaint. To the extent that Defendant McDermitt takes the position that Plaintiff has no reasonable opportunity to prevail on the merits of his complaint, or that clarification of Plaintiff's claims is necessary to formulate a reply, she can file an appropriate Rule 12(b) motion.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Def[a]ult Judgement (Doc. 31)* is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant McDermitt shall file an answer or other responsive pleading **within twenty-one (21) days from entry of this Order**; and

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to Defendant McDermitt at the Albuquerque Police Department.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE**