IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD DIAB,**

    **Plaintiff,**

  v.                                  No. CIV 14-0764 LH/LAM

**DETECTIVE DARCY MCDERMITT,**

    **Defendant.**

## ORDER TO FILE A MARTINEZ REPORT
## AND SETTING DEADLINES FOR DISPOSITIVE MOTIONS

**THIS MATTER** is before the Court *sua sponte* following a review of the record. The remaining Defendant in this case is Detective Darcy McDermitt. *See* [*Doc. 19* at 6-7] (dismissing all Defendants except Detective McDermitt and Parole Officer Betheny Gutierrez) and [*Doc. 25*] (dismissing Defendant Gutierrez). Plaintiff claims that Defendant McDermitt failed to try to find the person whom Plaintiff contends committed the crime for which he was tried, and that Defendant McDermitt filed a false police report regarding DNA evidence found under the fingernails of the victim. *See* [*Doc. 1* at 9], [*Doc. 12* at 2 and 4-5] and [*Doc. 15* at 2]. On July 29, 2015, Defendant McDermitt filed an answer in which she asserts ten affirmative defenses, including that Plaintiff has failed to state a claim for relief and that Defendant McDermitt is entitled to qualified immunity. *See* [*Doc. 34* at 13-14]. No dispositive motions have been filed in this case. Because Plaintiff is proceeding *pro se*, and because the Court needs further information to evaluate the merits of his claims against Defendant McDermitt, the Court will require Defendant McDermitt to prepare a *Martinez* report to assist the Court in evaluating Plaintiff's claims against her. The Court will also require Defendant McDermitt to prepare and

file dispositive motions, including any motion asserting qualified immunity, to assist the Court in evaluating Plaintiff's claims.

Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), this Court may order Defendant McDermitt to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of her investigation in order to develop a factual or a legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports."). A *Martinez* report may be used in a variety of contexts, including a motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that:

1. Defendant McDermitt shall prepare a *Martinez* report addressing Plaintiff's remaining claims against her [*Docs. 1*, *12*, and *15*] by:

    a. Setting forth the facts needed to resolve the remaining claims including, but not limited to: the names of any officials and other persons who dealt directly with Plaintiff concerning the matters that are the subject of his remaining claims or who have knowledge of such matters; whether any records or documents exist pertaining to such matters and, if so, a description of those records and documents and of their contents; and whether any policies, procedures, rules or regulations address the matters that are the subject of his claims and, if so, a description of those policies, procedures, rules or regulations and their contents;

    b.  Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraph "a;" and

    c.  Providing affidavits in support of the report, if necessary.

  2.  The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of records and documents alone, or records and documents submitted with an index but without an accompanying report, shall not be considered in compliance with this order;

  3.  All records and documents submitted with the *Martinez* report must be submitted with an index.  The index must identify each record and document submitted, by number, and each record and document must be marked with a tab or label showing its number.  Additionally, the report and each record and document submitted with the report must have its pages numbered using a Bates stamp, or similar numbering system, that numbers each page consecutively;

  4.  The report, and all records and documents submitted with the report, must be clear and legible.  In addition to the copies that are filed with the Court and served on Plaintiff, **a complete copy of the filed report must be provided to the undersigned's chambers in a binder that is fully tabbed to correspond to the index and exhibit labels, and includes the CM-ECF page numbers appearing in the header of the filed report**;

  5.  **THE PARTIES SHALL FILE THEIR *MARTINEZ* REPORT DOCUMENTS AS SEPARATE DOCUMENTS AND SHALL NOT COMBINE THEIR MARTINEZ REPORT DOCUMENTS WITH ANY MOTION, RESPONSE TO A MOTION OR REPLY IN SUPPORT OF A MOTION.  THE PARTIES SHALL CITE TO THE *MARTINEZ* REPORT IN ANY DISPOSITIVE MOTIONS THEY FILE**;

6. Defendant McDermitt shall file and serve her *Martinez* report and dispositive motions **on or before September 18, 2015**;

7. Plaintiff shall file and serve his response to the *Martinez* report and his responses to Defendant McDermitt's dispositive motions **on or before October 5, 2015**; and

8. Defendant McDermitt shall file and serve her replies, if any, to Plaintiff's responses **on or before October 22, 2015**.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*. As such, the parties should submit whatever materials they consider relevant to Plaintiff's claims and Defendant McDermitt's defenses in their submissions related to the *Martinez* report including, but not limited to, any counter-affidavits or other responsive material. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**