IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD DIAB,**

 **Plaintiff,**

  v.             No. CIV 14-0764 LH/LAM

**DETECTIVE DARCY MCDERMITT,**

 **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 126)* (hereinafter "PF&RD"), entered on February 19, 2016. On March 3, 2016, Plaintiff filed objections to the PF&RD. [*Doc. 127*]. The Court has conducted a *de novo* review of those portions of the PF&RD to which Plaintiff objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Plaintiff's objections as meritless; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 126)*; grant Defendant's motion for summary judgment [*Doc. 68*]; deny all of Plaintiff's motions; and dismiss Plaintiff's claims and this case with prejudice.

As explained in the PF&RD, Plaintiff's allegations against Defendant stem from an investigation into a homicide that led to Plaintiff's arrest for an open count of murder and tampering with evidence. *See* [*Doc. 126* at 2]. Plaintiff contends that Defendant violated his constitutional rights when she obtained a warrant to arrest him because the facts relied on by Defendant in her arrest warrant affidavit were not accurate, she withheld exculpatory evidence, and she failed to try to find the person whom Plaintiff contends committed the crime for which

Plaintiff was tried.  *See* [*Doc. 126* at 2-3].  The Magistrate Judge found that Defendant did not violate the Fourth Amendment when she presented the arrest warrant affidavit to the state judge, and that Defendant did not violate Plaintiff's constitutional rights regarding a post-arrest investigation.  *See id.* at 10.  The Magistrate Judge, therefore, found that Defendant is entitled to qualified immunity and recommends dismissal of Plaintiff's claims against Defendant.  *Id.*

In his objections, Plaintiff contends that Defendant's arrest warrant affidavit violated his constitutional rights because Defendant failed to tell the state judge about witness statements regarding how Plaintiff received his injuries (*see Doc. 127* at 1), and because one of the witnesses Defendant relied on could not clearly identify Plaintiff as the person arguing with the victim (*id.* at 2).  As explained in the PF&RD (*Doc. 126* at 6), "[i]t is a violation of the Fourth Amendment for an arrest warrant affiant to knowingly, or with reckless disregard for the truth, include false statements in the affidavit," or to "knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause."  *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (citations internal quotation marks omitted).  The Court agrees with the Magistrate Judge that Plaintiff does not make a showing that Defendant had knowledge that any of the witnesses she spoke with were not telling the truth.  *See* [*Doc. 126* at 6].  The Court also agrees that Plaintiff fails to show that Defendant excluded exculpatory evidence from her arrest warrant affidavit since the affidavit includes Plaintiff's explanations as to how he received his injuries, and notes that one of the witnesses stated that a photo of Plaintiff looked like the suspect, but that the suspect was thinner.  *See id.* at 8 (citing *Doc. 67-2* at 31-34, arrest warrant affidavit).  As the Magistrate Judge explained, Plaintiff's disagreement with the witnesses' accounts of what they saw does not establish a knowing or reckless omission of exculpatory evidence on the part of

Defendant.  *See* [*Doc. 126* at 8].  Therefore, the Court finds that these objections are without merit and should be overruled.

Next, Plaintiff contends that Defendant failed to investigate another suspect in the murder, despite being given a description of this person by Plaintiff.  [*Doc. 127* at 2].  As explained in the PF&RD (*Doc. 126* at 9), "officers are not required to conduct full investigations before making an arrest."  *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1257, n.8 (10th Cir. 1998); *see also Romero v. Fay*, 45 F.3d 1472, 1476-77 (10th Cir. 1995) (finding that the officer's failure to investigate Plaintiff's alibi witnesses prior to arrest did not constitute a constitutional violation), and *Spalsbury v. Sisson*, 250 Fed. Appx. 238, 246 (10th Cir. 2007) (unpublished) (explaining that an officer "is under no obligation to give any credence to a suspect's story, and even a plausible explanation in no way requires the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause" (citations and internal quotation marks omitted). The Court agrees with the Magistrate Judge that Defendant conducted a proper inquiry and had ample support for the statements she made in her arrest warrant affidavit, regardless of whether there might have been another suspect.  The Court also agrees with the Magistrate Judge that, to the extent Plaintiff contends that Defendant violated his constitutional rights for failure to conduct a reasonable post-arrest investigation, this claim fails because there was an investigation into the person whom Plaintiff contends may have committed the crime, and evidence regarding this investigation was provided to Plaintiff's counsel at trial.  *See* [*Doc. 126* at 9-10] (citing *Doc. 67-3* at 94-95, e-mails between the assistant district attorney and Plaintiff's counsel regarding the records from UNM Hospital, and *Doc. 78* at 28, Plaintiff's statement that the records from UNM Hospital were produced on the first day of Plaintiff's trial).  For these reasons, the Court finds that these objections are without merit and should be overruled.

Finally, Plaintiff contends that Defendant failed to provide medical reports from the University of New Mexico Hospital to the district attorney.  [*Doc. 127* at 2].  The Court notes that this contention contradicts Plaintiff's earlier contentions that Detectives M.D. Manary and G. Gonzalez, rather than Defendant, were the detectives who failed to turn over this evidence.  *See* [*Doc. 126* at 11] (citing *Doc. 75* at 1, Plaintiff's motion to add defendants).   The Court agrees with the Magistrate Judge that this claim fails because, as Plaintiff himself acknowledges, these records were in the possession of the Assistant District Attorney, Sue Calloway, and were presented during Plaintiff's trial.  *See* [*Doc. 126* at 11-12] (citing *Doc. 75* at 1, which states that it was Ms. Calloway, not the detectives, who "never turned [the evidence] over to the defence [sic]," and that the evidence is "sealed in district court").  In addition, the record of this case shows that Ms. Calloway discussed this evidence with Plaintiff's defense counsel prior to Plaintiff's trial, and that she stated she would make copies for him.  *See* [*Doc. 67-3* at 94-95] (e-mails from Ms. Calloway to Plaintiff's counsel discussing the records from UNM Hospital regarding the other possible suspect, stating that she would get the discovery from Detective Manary to Plaintiff's counsel).   Therefore, the Court finds that this objection is without merit and should be overruled.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's objections to the PF&RD [*Doc. 127*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 126)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [*Doc. 20*] is **GRANTED**.


**IT IS FURTHER ORDERED** that all of Plaintiff's motions [*Docs. 39, 40, 41, 42, 43, 44, 48, 49, 55, 56, 60, 69, 70, 71, 72, 75, 76, 91, 92, 94, 100, 101, 106, 111, 112, 118, 119,* and *124*] are **DENIED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED with prejudice** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE